IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CV-140-D

| | |
|---|---|
| LORENE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BRUNSWICK COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Lorene Williams ("plaintiff") contends that defendant Brunswick County Board of Education ("defendant") violated Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. See Compl. ¶¶ 11-12. She also contends that defendant retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3. See Compl. ¶¶ 13-14. Defendant has moved to dismiss plaintiff's complaint due to plaintiff's alleged failure to timely file her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). See Def.'s Mem. of Law 3-5. Defendant also contends that plaintiff's complaint is too vague and conclusory to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See id. 7-12. Finally, defendant contends that plaintiff's Title VII claim should be dismissed because plaintiff's EEOC charge did not allege a violation of Title VII. See id. 5-6. Plaintiff opposes the motion to dismiss [D.E. 18].

The court has reviewed the motion to dismiss under the governing standard. See, e.g., Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam); Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-70 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th

Cir. 2008). Under that standard, a court must accept the complaint's factual allegations as true, but need not accept the legal conclusions drawn from the facts. See Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006). Similarly, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. See id.

As for defendant's argument that plaintiff failed to timely file her EEOC charge, plaintiff's opposition indicates that plaintiff spoke at length with an EEOC investigator on December 3, 2007, and faxed her complaint to the EEOC on that same date. The complaint that plaintiff faxed to the EEOC identifies defendant, describes the actions about which she complains, and alleges that defendant violated the ADA. See Pl.'s Resp., Ex. A; Williams Aff. The EEOC investigator identified plaintiff as the charging party, described her claims, and stated that the EEOC received plaintiff's complaint on December 3, 2007. See Pl.'s Resp., Ex. A. On December 5, 2007, the EEOC received the EEOC Form 5 Charges of Discrimination from plaintiff. See Def.'s Mot. To Dismiss, Ex. 1.

Defendant concedes that if plaintiff filed her charge on December 3, 2007, then the charge is timely. See Def.'s Mem. of Law 5. Viewing the record in the light most favorable to plaintiff, the documents filed on December 3, 2007, as supplemented on December 5, 2007, constitute an EEOC charge. See, e.g., Fed. Express Corp. v. Holowecki, 128 S. Ct. 1147, 1154–60 (2008); Edelman v. Lynchburg College, 535 U.S. 106, 112–13 (2002). Thus, plaintiff timely filed her EEOC charge, and the court denies defendant's motion to dismiss on that basis.

As for defendant's argument that plaintiff's complaint is vague and conclusory, the complaint certainly is not a model of clarity. Nevertheless, it does state a claim for relief under the ADA and the Rehabilitation Act. Thus, the court denies defendant's motion to dismiss on that basis.

Finally, the court examines defendant's motion to dismiss plaintiff's Title VII retaliation claim in the second cause of action. "Before a plaintiff has standing to file suit under Title VII,

Case 7:08-cv-00140-D    Document 19    Filed 01/08/09    Page 2 of 4

[she] must exhaust [her] administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atlantic Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). The purpose of administrative exhaustion under Title VII is to put an employer on notice of the charge, to permit the EEOC to investigate the charge, and to permit the parties to seek to resolve the dispute without litigation. See, e.g., Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). As the Fourth Circuit explained in Miles:

> While the EEOC charge defines the scope of the plaintiff's right to institute a civil suit, an administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination. In other words, if a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit.

Id. (citations and quotations omitted); see also Jones v. Calvert Group, Ltd., No. 07-1680, __ F.3d __, __, 2009 WL 19133, at *3 (4th Cir. Jan. 5, 2009); Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005); Sloop v. Mem'l Mission Hosp., 198 F.3d 147, 148 (4th Cir. 1999); Evans v. Techs. Applications & Serv. Co., 80 F. 3d 954, 962–63 (4th Cir. 1996).

In this case, plaintiff's EEOC charge solely alleges that defendant violated the ADA. Plaintiff's EEOC charge does not allege a violation of Title VII, including the anti-retaliation provision in Title VII. See Pl.'s Resp., Ex. B; Def.'s Mot. to Dismiss, Ex. 1. Rather, it alleges a violation of the ADA, including the ADA's substantive component and the ADA's anti-retaliation component. Thus, defendant was not on notice via the EEOC charge that plaintiff alleged a Title VII retaliation claim. Defendant did not and could not expect the EEOC's investigation of plaintiff's ADA claims to encompass a retaliation claim under Title VII. See, e.g., Miles, 429 F.3d at 491–92. Accordingly, plaintiff has failed to exhaust her administrative remedies under Title VII, and this court lacks subject matter jurisdiction over the Title VII claim. See, e.g., Jones, __ F.3d. at __, 2009 WL 19133, at *3. Hence, defendant's motion to dismiss plaintiff's retaliation claim under Title VII in count two is granted.

As explained above, defendant's motion to dismiss [D.E. 10] is GRANTED in part and DENIED in part. Plaintiff's second cause of action is DISMISSED due to a lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies under Title VII. The balance of defendant's motion to dismiss is DENIED.

SO ORDERED. This 8 day of January 2009.

JAMES C. DEVER III
United States District Judge